## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**ANTHONY L. COOPER,**
**D.O.C. # 277718,**

       **Plaintiff,**

**vs.**                                                      **Case No. 4:07cv531-MP/WCS**

**DIANE CARR, Secretary, Florida**
**Department of Professional Regulation,**
**MARY GLOVER, Felony Trial Division,**
**and GOVERNOR CHARLIE CRIST,**

       **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, has submitted a petition for writ of mandamus.  Doc. 1.

Plaintiff did not file a motion seeking leave to proceed with *in forma pauperis* status, with

good reason.  Plaintiff is not generally entitled to proceed *in forma pauperis* in the

federal courts absent allegations that he is in imminent danger because he has incurred

more than three "strikes" under 28 U.S.C. § 1915(g).[1]

_____

[1] It is unnecessary to list all of Plaintiff's cases, but sufficient to note that case
3:00cv135 was dismissed as malicious, case 3:00cv51 was dismissed as malicious,
case 4:98cv197 was dismissed as frivolous, and case 3:00cv89 was dismissed as
malicious for abuse of judicial process.  *See* 4:04cv303.

Moreover, the case Plaintiff is attempting to file is a petition for writ of mandamus against various state officials.  Plaintiff alleges having written several letters and formal complaints to Diane Carr, Secretary, Florida Department of Professional Regulation, to take action against several attorneys.  Doc. 1, p. 4.  Plaintiff also states he has written letters trying to get criminal charges filed against correctional officers.  Finally, Plaintiff has alleged writing letters to the Governor of the State of Florida.

To be entitled to a writ of mandamus, a litigant must have a "clear legal right to the requested relief," and correspondingly, that the respondent have "an indisputable legal duty to perform the requested action."  Community Health Charities of Florida v. State, Dept. of Management Services, 961 So.2d 372, 374 (Fla. 1st DCA, 2007), quoting Jackson v. Fla. Dep't of Corr., 790 So.2d 381, 386 (Fla. 2000).  The Department of Professional Regulation does not have oversight to review the actions of attorneys in the State of Florida.  Plaintiff has no legal right to insist that criminal charges be filed; that is a discretionary decision for the state attorney's office to make.  State v. Serra, 529 So.2d 1262 (Fla. 3d DCA 1988).  Moreover, Plaintiff has no legal right to insist on any relief from his letters to the Governor.

Accordingly, although this case may properly be dismissed because Plaintiff did not pay the filing fee at the time of case initiation as required by the local rules[2] of this Court, it should also be dismissed as frivolous even without resolution of the filing fee. Any further request by Plaintiff for mandamus relief against state officials should be filed

_____

[2] Under the local rules of this Court, a civil action "shall not be filed by the clerk until the fee is paid as required by 28 U.S.C. § 1914, unless the complaint . . . is accompanied by a motion for leave to proceed in forma pauperis."  N.D. Fla. Loc. R. 5.1(H).

in Florida state courts as this Court is not the appropriate avenue for Plaintiff to obtain

relief.  It is recognized, however, that Plaintiff is incarcerated within the Florida

Department of Corrections and housed at Florida State Prison in Raiford, Florida.  Doc.

1.  In prior cases, Plaintiff has attempted to pursue claims in this Court even though this

Court would not have jurisdiction.  *See* case 4:07cv381, and case 4:04cv303.  Plaintiff

appears to be, once again, attempting to avoid filing cases in the Middle District of

Florida or the local state court where Plaintiff has, presumably, been barred from

proceeding *in forma pauperis*.  This Court may not provide relief to Plaintiff and,

therefore, this case should be dismissed.

**RECOMMENDATION**

In light of the foregoing, the undersigned respectfully **RECOMMENDS** that this

action be **DISMISSED** for failure to state a claim upon which relief may be granted and

because Plaintiff has failed to pay the filing fee at the time of case initiation.

**IN CHAMBERS** at Tallahassee, Florida, on January 8, 2008.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**